B104 (FORM 104) (08/07) EDVA

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CONGRESSIONAL FEDERAL CREDIT UNION | MICHAEL FRANCIS PUSATERI, III |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Heather W. Culp, Mitchell & Culp, PLLC, 1001 Morehead Square Drive, Suite 330, Charlotte, NC 28203 | David R. Badger |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Dischargeability of Debt based upon: (i) false pretenses, a false representation, or actual fraud; and/or (ii) a false financial statement. 11 U.S.C. §§523(a)(2)(A); 523(a)(2)(B); 523(a)(2)(C).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 33,845.30 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Michael Francis Pusateri, III | | BANKRUPTCY CASE NO.<br>08-31457-JCW | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>Whitley |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Heather W. Culp | | | |
| DATE<br>11/19/2008 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Heather W. Culp - NC Bar No. 30386 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL FRANCIS PUSATERI, III, | ) | Case No. 08-31457-JCW |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| CONGRESSIONAL FEDERAL CREDIT UNION, | ) | Adv. Pro. No._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FRANCIS PUSATERI, III, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Now comes Congressional Federal Credit Union ("Plaintiff"), by and through undersigned counsel, and complaining of Michael Francis Pusateri, III ("Defendant"), respectfully represents:

1. Defendant filed a petition as a debtor under Chapter 7 of the Bankruptcy Code on July 16, 2008 ("the Petition").

2. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §157 and 11 U.S.C. §523.

3. This is a core proceeding.

4. Plaintiff is a creditor of Defendant. Defendant is indebted to the Plaintiff based upon a Visa credit card account ("the Visa Account"). The outstanding balance on the Visa Account is $33,845.30, together with interest at the rate of 8.5% per annum as set forth in the

underlying credit card agreement. In addition, the credit card agreement provides for the recovery of attorney's fees.

## COUNT I

5. The allegations set forth in paragraphs 1 – 4 are incorporated herein.

6. By utilizing the Visa Account, Defendant affirmatively represented to Plaintiff that he had the intention and the ability to repay the Plaintiff for the charges and cash advances which he incurred on the Visa Account. These representations on the part of Defendant were knowingly false when made by the Defendant, and were relied upon by the Plaintiff. The Plaintiff has sustained a financial loss as a direct result of Defendant's wrongful and fraudulent conduct with respect to the Visa Account.

7. Defendant's actions with respect to the Visa Account demonstrate his intent to utilize the Visa Account to obtain credit from Plaintiff despite the fact that he did not intend to repay Plaintiff. Moreover, Defendant's financial situation clearly illustrates that he lacked the ability to repay Plaintiff. Defendant utilized the Visa Account to make purchases while he was insolvent and in contemplation of filing bankruptcy.

8. A substantial portion of the outstanding balance on the Visa Account represents charges incurred by Defendant for luxury goods or services less than 90 days prior to the filing of the Petition. Such charges are presumed to be nondischargeable. 11 U.S.C. §523(a)(2)(C)(i)(I).

9. Defendant has made other material misrepresentations with respect to the Visa Account. Plaintiff has relied on Defendant's misrepresentations to its detriment.

10. Defendant's indebtedness to Plaintiff for the Visa Account is nondischargeable based upon false pretenses, a false representation and/or actual fraud. 11 U.S.C. §523(a)(2)(A).

2

## COUNT II

11. The allegations set forth in paragraphs 1 – 10 are incorporated herein.

12. In order to induce Plaintiff to extend credit to him by establishing the Visa Account and to increase the credit limit on the Visa Account thereafter, Defendant furnished to Plaintiff written credit applications and supporting documentation (collectively, "the Credit Application") which contained a statement of Defendant's financial condition.

13. Plaintiff reasonably relied upon the accuracy of the Credit Application furnished by Defendant in extending credit to Defendant by establishing the Visa Account and increasing the credit limit for the Visa Account.

14. The Credit Application furnished by Defendant was materially false in that it significantly overstated the amount of Defendant's income from employment and other sources as of the date said Credit Application was published.

15. The Credit Application furnished by Defendant was materially false in that it did not make full and accurate disclosure regarding the extent of Defendant's liabilities and financial obligations as of the date said Credit Application was published.

16. The Credit Application was false and misleading in other material respects.

17. At the time Defendant published the Credit Application, he knew the Credit Application was false and misleading, and he published the Credit Application with the intent to deceive Plaintiff. Hence, his indebtedness to the Plaintiff for the Visa Account is nondischargeable based upon a false financial statement. 11 U.S.C. §523(a)(2)(B).

WHEREFORE, Plaintiff prays that this Court determine that Defendant's indebtedness to Plaintiff is nondischargeable; and that the Court enter a money judgment in favor of Plaintiff and against Defendant in the principal amount of $33,845.30, together with interest at the rate of 8.5% per annum as provided in the credit card agreement for the Visa Account, reasonable

3

attorney's fees, and costs of this action; and that this Court grant Plaintiff such other and further relief as it deems just and proper.

This the 19th day of November, 2008.

*/s/ Heather W. Culp*
Heather W. Culp
NC Bar No. 30386
Attorney for Plaintiff
MITCHELL & CULP, PLLC
1001 Morehead Square Drive, Suite 330
Charlotte, North Carolina 28203
Tel: 704-333-0630
Fax: 704-333-4975
E-mail: hculp@mitchellculp.com

4