UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | Chapter: 7 |
| | Case No.: 08-31457 |
| MICHAEL FRANCIS PUSATERI, III | |
| SS: XXX-XX-1888 | |
| Debtor. | |

| | |
|---|---|
| CONGRESSIONAL FEDERAL CREDIT UNION | |
| Plaintiff, | |
| v. | |
| | Adversary No.: 08-03149 |
| MICHAEL FRANCIS PUSATERI, III | |
| Defendant. | |

### ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND PRE-ANSWER MOTIONS TO DISMISS PURSUANT TO BANKRUPTCY RULES 7012(b)(6) and 7009(b) TO STRIKE THE COMPLAINT PURSUANT TO BANKRUPTCY RULE 7007(a)(b) AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO BANKRUPTCY RULE 7012(e)

Michael Francis Pusateri, III ("Defendant"), by and through undersigned counsel, responding to the Complaint of Congressional Federal Credit Union ("Plaintiff"), says:

### FIRST DEFENSE
### Motion to Dismiss Pursuant to
### Bankruptcy Rules 7007.1 (a) and (b)

Defendant moves the Court to strike the Plaintiff's Complaint and for Judgment in favor of Defendant for failure of the Plaintiff to comply with the mandatory disclosure requirements of the Federal Rules of Bankruptcy Procedure 7007.1 (a) and (b) and shows unto the Court in support thereof as follows:

    A.    The Plaintiff filed a Complaint against Defendant on November 9, 2008;

    B.    Rule 7007.1(a) of the Bankruptcy Rules provides for the following required disclosure:

Any corporation that is a party to an adversary proceeding, other than the debtor or a governmental unit, shall file two copies of a statement that identifies any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of corporation's equity interests, or states that there are no entities to report under this subdivision.

C. Rule 7007.1(b) provides the following:

A party shall file the statement required under Rule 7007.1(a) with its first pleading in an adversary proceeding. A party shall file a supplemental promptly upon any change in circumstances that this rule requires the party to identify or disclose.

D. Plaintiff's pleadings failed to include a Rule 7007.1(a) Statement of Corporate Ownership in violation of Rule 7007.1(b).

## SECOND DEFENSE
### Motion to Dismiss pursuant to
### Bankruptcy Rules 7012(b)(6) and 7009(b)

Defendant moves to dismiss the Complaint of Plaintiff pursuant to the aforesaid Bankruptcy Rules and shows unto the Court in support thereof as follows:

A. Plaintiff has filed a Complaint against Defendant containing two counts:

Count I: Non-Dischargeability based upon false pretenses, a false representation and/or actual fraud (11 U.S.C. §523(a)(2)(A))

Count II: Alleging that the Defendant's debt to Plaintiff is non-dischargeable based upon a false financial statement (11 U.S.C. §523(a)(2)(B))

B. Bankruptcy Rule 7012(b)(6) requires Plaintiff to allege a claim against Defendant upon which relief can be granted to Plaintiff and Bankruptcy Rule 7009(b) requires:

> "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud. Malice, intent, knowledge and other conditions of a person's mind maybe alleged generally."

C. In order to withstand Defendant's motions, the mere conclusionary allegations are insufficient in the following respects:

I. In Count I, paragraph 6: Plaintiff alleges that Defendant by simply utilizing the Visa account, Defendant affirmatively represented to Plaintiff that he had the intention and the ability to repay, that these alleged representations by Defendant were knowingly false when

made and relied upon by Plaintiff, and that Plaintiff sustained a financial loss as a direct result of Defendant's wrongful and fraudulent conduct. Paragraph 6 of the unverified Complaint fails to specify the dates when the Visa Account was allegedly utilized as the credit account between Plaintiff and Defendant has been in existence since 1998 or prior with numerous increases of available credit provided, with no pre-bankruptcy filing payment defaults, and only one pre-bankruptcy filing late payment. The legal theory that the mere utilization of a credit card constitutes the basis for a determination that Defendant had no intention and ability to repay Plaintiff and that said alleged representation by a ten year old inanimate document contains sufficient basis for alleging that the undescribed representations were knowingly false when made has been determined by numerous courts to be faulty in its premise and disconnected to the presumption sought.

II. Plaintiff's allegations in paragraph 7 of Count I include assertions that Defendant "did not intend to repay Plaintiff...Defendant's financial situation clearly illustrates that he lacked the ability to repay Plaintiff...[and that] Defendant utilized the Visa Account to make purchases while he was insolvent and in contemplation of filing bankruptcy." All of the foregoing allegations by Plaintiff in paragraph 7 are undated, rely upon the aforesaid faulty premise, and ignore that Defendant made payments through June, 2008 prior to his initial consultation with undersigned counsel on June 12, 2008 according to Plaintiff's records or that Defendant continued to make substantial payments to Plaintiff in excess of purchases made with the Visa Account subsequent to the onset of his illness in January, 2008 and prior to the bankruptcy filing in July, 2008.

III. Paragraph 8 of Count I indicates that a "substantial portion" of the balance on the Visa Account represents charges incurred by Defendant for luxury goods or services less than 90 days prior to the filing of the Petition without indicating any specific charge or which charges are alleged to be "for luxury goods or services" within the 90 days prior to the filing of the Petition on July 16, 2008.

IV. In paragraph 9 of Count I, Plaintiff has alleged that Defendant has "made other material misrepresentations with regard to the Visa Account" without any specification as to the content of the "material misrepresentations, the date thereof, and the manner in which Plaintiff has allegedly relied upon the undescribed misrepresentations.

V. Paragraph 10 of Count I continues the generic pleading by alleging that Defendant's debt to Plaintiff is "based upon false pretenses, a

false representation and/or actual fraud." without any specificity whatsoever.

VI. In paragraph 12 of Count II, Plaintiff alleges "Defendant furnished to Plaintiff written credit applications and supporting documentation" once again without any indication as to the time period when said credit applications were provided by Defendant to Plaintiff and specifically withholding information that the last such Credit Application during the greater than decade - long relationship between the parties was in October, 2006 - approximately 20 months prior to the filing of the bankruptcy proceeding by Defendant.

VII. In paragraph 13 of Count II, Plaintiff alleged that it reasonably relied upon the accuracy of "the" Credit Application without acknowledging that the last such Credit Application was 20 months prior to the filing of the bankruptcy, and the Defendant had made all required payments, remained in good standing with Plaintiff until the filing of the bankruptcy in July, 2008 and actually paid off an automobile loan to Plaintiff in the amount of $55,888.43 which was $14,888.43 in excess of the $41,000.00 value of the auto and constitutes a preferential payment in May, 2008.

VIII. In paragraph 14 of Count II, Plaintiff alleges that Defendant overstated his income as of the date of the Credit Application although no date of said application was given nor any copy attached as an exhibit to the Complaint.

IX. In paragraph 16 of Count II, the entire paragraph reads as follows: "The Credit Application was false and misleading in other material respects." without any indication of the "other material respects".

X. In paragraph 17 of the Complaint, it is alleged that Defendant knew the (unidentified) Credit Application was false and misleading and published it with the intent to deceive Plaintiff which is and impossible allegation to refute specifically as same as essential generic.

### THIRD DEFENSE
### Motion for a More Definite Statement Pursuant to
### Bankruptcy Rule 7012(e)

If the Complaint is not dismissed pursuant to either of the foregoing motions, the Defendant moves the Court for an order requiring Plaintiff to provide a more definite statement with regard to each of the Plaintiff's allegations, allegedly factual assertions, and to specify any documents relied upon by Plaintiff for its assertions in Counts I and II as Defendant has no ability to specifically respond to the generic allegations in the Complaint without same being more specific in accordance with Bankruptcy Rule 9(b).

## FOURTH DEFENSE

By way of further defense to the Complaint filed by Plaintiff, Defendant reserves the right to amend its pleadings in response to any amendments to the Complaint and, subsequent to completion of pre-trial discovery, to add a counterclaim for any tortious actions by Plaintiff which may be discovered.

## FIFTH DEFENSE AND ANSWER

By way of further answer to the Complaint of the Plaintiff, Defendant says:

1. The allegations contained in paragraph one of the Compliant are admitted.

2. ~~The allegations contained in paragraph two of the Compliant are admitted.~~

3. Answering the allegation contained in paragraph three of the Complaint, it is admitted that this is a core proceeding.

4. The allegations contained in paragraph four of the Complaint are admitted upon information and belief subject to review of the actual "underlying credit card agreement" which is not attached to the Complaint as an exhibit.

5. The responses contained in paragraph one through four are incorporated herein by reference.

6. The allegations contained in paragraph six of the Complaint are denied.

7. The allegations contained in paragraph seven of the Complaint are denied.

8. The allegations contained in paragraph eight of the Complaint are denied.

9. The allegations contained in paragraph nine of the Complaint are denied.

10. The allegations contained in paragraph ten of the Compliant are denied.

11. The allegations contained in paragraphs 1-10 of the Complaint are incorporated herein by reference.

12. In response to the allegations contained in paragraph twelve of the Compliant, Defendant admits that he has provided various credit applications and supporting documentation to the Plaintiff over the duration of the relationship which stretches more than a decade prior to the filing of the bankruptcy proceeding. Except as herein admitted, the allegations contained in paragraph twelve of this Compliant are denied.

13. Answering the allegations contained in paragraph thirteen of the Complaint, Defendant does not have information sufficient to form a belief as to the truth of said allegations and, accordingly, said allegations are denied.

14. The allegations contained in paragraph fourteen of the Complaint are denied.

15. The allegations contained in paragraph fifteen of the Complaint are denied.

16. The allegations contained in paragraph sixteen of the Complain are denied.

17. The allegations contained in paragraph seventeen of the Complaint are denied.

### SIXTH DEFENSE
### Motion for Attorneys fees Pursuant to
### 11 U.S.C. §523(d)

A. Plaintiff is a Creditor of Debtor and by filing of its Compliant has requested a determination of Dischargeability of a consumer debt under subsection (a)(2) of 11 U.S.C. §523;

B. If said debt is discharged, Defendant requests that the Court grant judgment in favor of Defendant for the costs of, and reasonable attorney's fees for the proceeding as the position of the Plaintiff is not substantially justified and there exists no special circumstances that would make the award unjust.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendant prays:

1. The Complaint be dismissed pursuant to the provisions of Bankruptcy Rules 7007.1(a)(b), 7012(b)(6) and Bankruptcy Rule 9(b);

2. In the alternative, that the Court require the Plaintiff to provide Defendant with more definite statements of Plaintiff's allegations so that Defendant may file responsive pleadings to specific allegations;

3. If the debt challenged by Plaintiff is discharged, that the Court allow additional discovery with regard to any pattern or practice of Plaintiff in pursuing feckless dischargeability litigation and its financial net worth prior to considering an award to Defendant of costs and reasonable attorney's fees to be paid to Defendant by Plaintiff; and

4. Defendant have such other further relief from Plaintiff as the Court may deem just and proper.

DATED: 1/15/09

David R. Badger
N.C. State Bar No.:156
Attorney for Defendant
DAVID R. BADGER, P.A.
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, NC 28203
Telephone: (704) 375-8875
Facsimile: (704) 375-8835

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:  Chapter: 7
 Case No.: 08-31457

MICHAEL FRANCIS PUSATERI, III

SS: XXX-XX-1888

      Debtor.

---

CONGRESSIONAL FEDERAL CREDIT UNION

      Plaintiff,

v.

Adversary No.: 08-03149

MICHAEL FRANCIS PUSATERI, III

      Defendant.

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this date served a copy of the foregoing **Answer to Complaint to Determine Discharge of Debt and Pre-Answer Motions to Dismiss Pursuant to Bankruptcy Rules 7012(b)(6) and 7009(b) to Strike the Complaint Pursuant to Bankruptcy Rule 7007(a)(b) and Motion for a More Definite Statement Pursuant to Bankruptcy Rule 7012(e)** upon all parties listed below by depositing same in the U.S. Mail, postage pre-paid, addressed as follows:

Michael Francis Pusateri, via e-mail


The undersigned further certifies that he has this date served a copy of the **Answer to Complaint to Determine Discharge of Debt and Pre-Answer Motions to Dismiss Pursuant to Bankruptcy Rules 7012(b)(6) and 7009(b) to Strike the Complaint Pursuant to Bankruptcy Rule 7007(a)(b) and Motion for a More Definite Statement Pursuant to Bankruptcy Rule 7012(e)** on all parties listed below by electronic case filing:

Bankruptcy Administrator
Heather Culp

Dated: 1/15/09

David R. Badger
Attorney for the Defendant
N.C. State Bar #156
DAVID R. BADGER, P.A.
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, North Carolina 28203
Telephone No.: (704) 375-8875
Facsimile No.: (704) 375-8835

# VERIFICATION

I, Michael Francis Pusateri, III, being first duly sworn, says I have reviewed the Answer to Complaint to Determine Discharge of Debt and Pre-Answer Motions to Dismiss Pursuant to Bankruptcy Rules 7012(b)(6) and 7009(b) to Strike the Complaint Pursuant to Bankruptcy Rule 7007(a)(b) and Motion for a More Definite Statement Pursuant to Bankruptcy Rule 7012(e) and the allegations contained therein are true except as to those allegations made upon information and belief and, as to those allegations, I believe same to be true.

Date: 1/16/09

By: _____
Michael Francis Pusateri, III

VIRGINIA

Fairfax COUNTY

Subscribed, sworn to, and acknowledged before me by Michael Francis Pusateri, III, this the 16th day of January, 2009.

_____
Notary Public

(SEAL)

My commission expires: 11/30/2011

```
ERIC JOHN FIALA
Notary Public
Commonwealth of Virginia
7125332
My Commission Expires Nov 30, 2011
```