FILED & JUDGMENT ENTERED
David E. Weich

Apr 02 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                                              Chapter:    7
                                                    Case No.:   08-31457
**MICHAEL FRANCIS PUSATERI, III**

SS:    XXX-XX-1888

           **Debtor.**

_____

**CONGRESSIONAL FEDERAL CREDIT UNION**

           **Plaintiff,**

v.

**MICHAEL FRANCIS PUSATERI, III**           Adversary No.: 08-03149

           **Defendant.**

_____

**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS PURSUANT TO
BANKRUPTCY RULES 7007.1(a)(b), 7012(b)(6) & 7009(b) AND GRANTING
DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO
BANKRUPTCY RULES 7012(e)**

    This cause, coming on to be heard, and being heard, before the undersigned Bankruptcy Judge upon the Defendant's Motions to Dismiss Pursuant to Bankruptcy Rules 7007(a)(b), 7012(b)(6) & 7009(b) and Motion for more Definite Statement Pursuant to Bankruptcy Rule 7012(e), and the Court having heard the contentions of David R. Badger, attorney for Defendant and Roderick H. Angus, attorney for Plaintiff, makes the following findings of facts and conclusions of law:

1. Plaintiff has filed the Bankruptcy Rule 7007.1(a) Statement which renders moot the Defendant's Motion to Dismiss Pursuant to Bankruptcy Rule 7007.1(a)(b);

2. Plaintiff's Complaint is deficient in failing to allege with particularity the specific credit card charge or charges alleged to be for luxury goods or services within the ninety (90) days prior to filing of the Petition on July 16, 2008 and the specific "more than 100 (numerical one hundred) separate occasions on which Defendant utilized the credit card to make purchases totaling $12,637.77 on or after January 1, 2008.;

3. With the addition of the specific allegations as set forth in the preceding paragraph, the Amended Complaint will comply with Bankruptcy Rules 7012(b)(6) & 7009(b);

4. The consent of the Defendant to the filing by the Plaintiff of the Amended Complaint without the appropriate motion is noted and the Amended Complaint filed February 5, 2009 is allowed;

5. The consent of the Defendant to the Motion for Admission pro hac vice of Roderick H. Angus is also noted.

Based upon the foregoing findings of facts and conclusions of law, it is ORDERED:

1. The Amended Complaint of Plaintiff is allowed without motion per the consent of Defendant;

2. The Amended Complaint shall be further amended within fourteen (14) days specifically to add the information and allegations set forth above with regard to the number of credit card purchases and the specific luxury goods or services purchased by Defendant within ninety (90) days prior to the filing of the Petition on July 16, 2008;

3. Upon receipt of the Second Amended Complaint of Plaintiff, counsel for Defendant may, but is not required to, file a formal pleading in response to said document;

4. The parties are allowed 150 days for discovery following the entry of this Order and the Court will issue an additional Pre-Trial Order;

5. Roderick H. Angus is admitted pro hac vice to handle this adversary proceeding on behalf of the Plaintiff.

*This Order Has Been Signed*         UNITED STATES BANKRUPTCY COURT
*Electronically. The Judges*
*Signature & Court Seal Appear*
*At the Top of the Order*