**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE: | Chapter: 7 |
| | Case No.: 08-31457 |
| **MICHAEL FRANCIS PUSATERI, III** | |
| SS: XXX-XX-1888 | |
| Debtor. | |

**CONGRESSIONAL FEDERAL CREDIT UNION**

       Plaintiff,

v.

                Adversary No.: 08-03149

**MICHAEL FRANCIS PUSATERI, III**

       Defendant.

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: Congressional Federal Credit Union,
   by service upon its attorney of record:
   c/o Heather W. Culp
   Mitchell & Culp, PLLC
   1001 Moorehead Square Drive, Suite 330
   Charlotte, North Carolina 28203

  Pursuant to Bankruptcy Rules 7026, 7033, and 7034, Defendant Michael Francis Pusateri, III serves Plaintiff Congressional Federal Credit Union with the following Interrogatories and Request for Production of Documents. You are required to answer each interrogatory separately under oath and to serve your responses on Defendant within thirty (30) days after the date of service.

  You are also required to respond to each request for production of documents and to produce the documents requested. These interrogatories and requests for production of documents are continuing in nature and will require supplemental answers to the extent provided by Bankruptcy Rule 7026. You are requested to produce and permit the Defendant or someone acting on his behalf to inspect and copy the documents requested below. The inspection and copying of documents shall be done at 10:00 a.m. on the 30th day after service of these interrogatories and request for production of documents at the office of David R. Badger, P.A., Suite 118 Atherton Lofts, 2108 South Boulevard, Charlotte, North Carolina 28203, or at such other time or place to which the parties shall

agree.

## DEFINITIONS AND INSTRUCTIONS

A. "You" or "your" refers to Plaintiff, its attorneys or any other agents, officers, employees, contractors, or any other persons acting on its behalf.

B. "Identify" when used in reference to an individual means give the full name, present address and business address, telephone numbers, job descriptions, and business or other affiliation, if any, with Plaintiff.

C. "Identify" when used in reference to a document means to state the name of the person who authored or originated the document, the date on which it was authored or originated, the location of the original document and all copies, and a brief summary of its contents.

D. "Document" is used in the broadest sense of the word and includes, but is not limited to, the original(s), or in lieu thereof, true, legible, and exact copies, or any written, typed, printed, transcribed, recorded, filmed, punched, or graphic matter of any kind, type, or nature in the actual or constructive possession, custody, or control of Plaintiff, including, but not limited to letters, correspondence, books, supplements, bulletins, telegrams, telex messages, summaries or records of meetings or telephone conversations, summaries or memoranda of inter-office communications, summaries or records of personal conversations or interviews, summaries or records of investigations, notes, memoranda, reports, summaries, manuals, computer printouts, magnetic tapes, magnetic or optical disks, recordings, compilations, tabulations, records, work papers, journals, diaries, microfiche, microfilm, photographic film, charts, studies, forms, calendars, checks, communications, drawings, pamphlets, pictures, plans, publications, receipts, releases, and any other writings of whatever description in any form, including but not limited to any information contained in any computer, although not yet printed out, and shall include any marginal comments appearing on such document, and every copy of any such writing not an identical copy of the original or where such copy contains any commentary or notation whatsoever which does not appear on the original and any other writing. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

E. Whenever these interrogatories call for identification of a document claimed by you to be privileged, state the grounds for objection no later than the date on which the production of such answer is required, and identify each document separately by (1) author(s), (2) addressee(s), (3) recipient(s), (4) date, (5) person(s) presently in possession of the document, and (6) subject matter, and state specifically the grounds upon which privilege is being invoked or the document is being withheld. If only some portion of any responsive document is claimed to be privileged, all other portions of the document must be produced.

F. If you claim that any document requested to be identified has been transferred, lost, destroyed, or otherwise disposed of, and is no longer in your possession, custody, or control, (1) identify the document by: (a) author(s), (b) addressee(s), (c) recipient(s), (d) date, and (e) subject matter; (2) describe the document in detail; (3) state the date on which the document was transferred, lost, destroyed, or otherwise disposed of, and describe in detail the circumstances surrounding such transfer, loss, destruction, or disposition; and (4) state the name, business address, and telephone number of the document's present custodian, if any.

G. If you cannot fully answer any interrogatory, then you should answer such interrogatory to the fullest extent possible and should indicate the reason for failing to answer fully. Further, you should provide all available information relating to the interrogatory and should indicate the person or persons who can more fully answer the interrogatory.

**INTERROGATORIES**

1. Identify all persons with knowledge of the facts alleged in the Complaint. Include, but do not limit your response by providing:

    a. Their name;

    b. Their address;

    c. A brief description of the information possessed by the person identified;

    d. Their business and residential telephone numbers;

    e. Identify all documents you believe may be in the possession of the person identified that may likely lead to the discovery of information that would be relevant to this case.

2. Identify any written agreements, including any written credit applications, between you and the Defendant.

3. Identify each charge you contend was incurred by Defendant for luxury goods or services less than 90 days prior to the filing of the Petition.

4. Identify on what date, and through which means, you determined that Defendant was insolvent.

5. Identify by date and source each financial statement obtained by you from Defendant, from the opening of any of Defendant's accounts with you through the present date.

6. Identify by date and source each credit bureau rating report obtained by you concerning Defendant, from the opening of any of Defendant's accounts with you through the present date.

7. Identify with particularity any statement you contend to be a false financial statement that you claim was relied upon by you to your detriment.

8. Identify here by date and source each employment verification report obtained by you concerning Defendant from the opening of Defendant's account with you through the present date.

9. State with particularity all steps taken by you to determine the credit-worthiness

of Defendant.

10. List the payments on the account that were both timely and at or above the minimum amount due since the inception of this account (if any).

11. List the date(s) of any payments on the account that were late or below the minimum amount due since the inception of this account.

12. Identify your general policies concerning the decision to grant credit to account holders, and state with particularity how those policies were applied to Defendant and his accounts.

13. Identify your general policies concerning the approval or rejection of individual charges or cash advances for an account holder, and state with particularity how those policies were applied to Defendant with regard to this account ending in 9202.

14. Identify the date on which you believe the following events occurred, the basis for your belief, and state with particularity any charges on the account you allege were made after those dates:

    a. The Defendant consulted a bankruptcy attorney;

    b. The Defendant had a reduction in income;

    c. The Defendant formulated his alleged intent not to repay; and

    d. The Defendant violated the terms of his credit agreement.

15. State whether or not you, or any representative, attended the Creditors' Meeting.

16. To the extent you are alleging Defendant's misconduct giving rise to your claim of non-dischargeability is based upon a representation implied by Defendant's course of actions, identify:

    a. The nature of the conduct or course of actions;

    b. The nature of any such implied representations;

    c. The person or persons to whom each implied representation was made, or who drew a conclusion therefrom;

    d. The date on which such implications were made;

    e. The basis for any conclusion drawn from such representations; and

    f. The manner in which such conclusions were recorded or memorialized.

17. Identify any credit policies of Plaintiff which you maintain were violated by Defendant in connection with the use of his account. State how such policies were communicated to Defendant, and identify any documents by which such policies were communicated.

18. State whether it is Plaintiff's position that every use of Plaintiff's credit card by a borrower who does not later repay the debt is a fraudulent representation upon which Plaintiff justifiably relies.

19. If your answer to Interrogatory 18 is negative, state each fact which distinguishes Defendant's use of the subject account making Defendant's use of the account allegedly fraudulent.

20. Identify and describe any policies or guidelines established to determine when an action will be brought against a borrower of Plaintiff who has filed bankruptcy, including a detailed identification of any documents which refer to, relate to, or describe those policies or guidelines.

21. Identify which policies and guidelines were used to determine that an action would be brought against Defendant and the name of the person making the determination.

22. State how many times in the last five (5) years you have filed an adversary proceeding objecting to dischargeability in a bankruptcy case filed by a debtor which included a claim owed to you and identify the debtor and bankruptcy court.

23. With regard to each of the following allegations state:

    a. Whether each representation was written, verbal, or implied; and

    b. If other than implied, state the name of the recipient of the verbal representation, and if written, attach a copy to your response.

        i. "representations on the part of Defendant were knowingly false when made by the Defendant" (Complaint ¶6);

        ii. "did not intend to repay Plaintiff" (Complaint ¶7);

        iii. "he lacked the ability to repay Plaintiff" (Complaint ¶7);

        iv. "utilized the Visa Account to make purchases while he was insolvent and in contemplation of filing bankruptcy" (Complaint ¶7 ); and

        v. "the Credit Application significantly overstated the amount of Defendant's income" (Complaint ¶14).

24. Identify all of your employees who had personal contact with Defendant within the past two (2) years in connection with any of his accounts.

25. Identify all employees of Plaintiff who reviewed Defendant's medical information submitted to counsel for Plaintiff prior to the filing of this adversary proceeding.

# REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents identified, or requested to be identified in Defendant's First Set of Interrogatories to you.

2. All documents maintained by Plaintiff related to this account on which this action is based, including but not limited to credit applications, contracts, charge slips, transaction records, account ledgers, calculations of payments or interest due, correspondence, notices, internal memoranda, and records of telephone contacts.

3. All documents that support the allegations contained in your Complaint.

4. Each and every written agreement or contract between you and Defendant.

5. All documents maintained by Plaintiff related to its evaluation of Defendant's credit-worthiness at any time since January 1, 2006.

6. Each and every agreement between you and Defendant which required Defendant be at all times employed while making charges on your card.

7. Each and every charge slip signed by Defendant which you contend was for the purchase of a luxury good or service within 90 days prior to the filing of the Petition.

8. All documents relating to Plaintiff's general policies as to the granting of credit for consumer credit accounts.

9. All documents relating to Plaintiff's general policies as to the setting of credit limits for consumer credit accounts.

10. All documents which were reviewed by Plaintiff in reaching its decision to file this Adversary Proceeding Complaint challenging dischargeability.

11. Documentation of each charge made by Defendant on the credit account ending in 9202 that was rejected or not approved by Plaintiff at the point of sale.

12. Your profit/loss statement for 2008.

13. All documents which you intend to use or introduce in the trial of this matter.

DATED:_____        _____

                                            David R. Badger
                                            N.C. State Bar No.:156
                                            Attorney for Defendant
                                            DAVID R. BADGER, P.A.
                                            2108 South Boulevard
                                            Suite 118 Atherton Lofts
                                            Charlotte, NC 28203
                                            Telephone: (704) 375-8875
                                            Facsimile: (704) 375-8835

| | |
|---|---|
| IN RE:<br><br>**MICHAEL FRANCIS PUSATERI, III**<br><br>SS:   XXX-XX-1888<br>           Debtor.<br><br>**CONGRESSIONAL FEDERAL CREDIT UNION**<br>                    Plaintiff,<br>v.<br><br>**MICHAEL FRANCIS PUSATERI, III**<br>                    Defendant. | Chapter:    7<br>Case No.:    08-31457<br><br><br><br><br><br><br>Adversary No.: 08-03149 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this date served a copy of the foregoing Defendant's First Set of Interrogatories and First Request for Production of Documents upon all parties listed below by depositing same in the U.S. Mail, postage pre-paid, addressed as follows:

Michael Francis Pusateri, via e-mail

Roderick H. Angus
Huston & Angus
5529 Lee Highway
Arlington, VA 22207

The undersigned further certifies that he has this date served a copy of the Defendant's First Set of Interrogatories and First Request for Production of Documents  on all parties listed below by electronic case filing:

Bankruptcy Administrator
Heather Culp
Wayne Sigmon, Trustee

Dated:_____   _____

David R. Badger
Attorney for the Defendant
N.C. State Bar #156
DAVID R. BADGER, P.A.
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, North Carolina  28203
Telephone No.:  (704) 375-8875
Facsimile No.:  (704) 375-8835