UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | Chapter:   7 |
| | Case No.:   08-31457 |
| **MICHAEL FRANCIS PUSATERI, III** | |
| | |
| SS:   XXX-XX-1888 | |
| Debtor. | |
| | |
| **CONGRESSIONAL FEDERAL CREDIT UNION** | |
| Plaintiff, | |
| v. | Adversary No.: 08-03149 |
| **MICHAEL FRANCIS PUSATERI, III** | |
| Defendant. | |

**DEFENDANT'S RESPONSE AND COUNTERCLAIMS IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF SECOND AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Michael Pusateri, through undersigned counsel, submits this Response and Additional Counterclaims in Opposition to Plaintiff's Motion For Voluntary Dismissal of Second Amended Complaint to Determine Dischargeability of Debt filed on or about June 25, 2009.

In opposition to the Motion, Michael Pusateri responds as follows:

### INTRODUCTION

Michael Pusateri does not object to the dismissal of Plaintiff's Second Amended Complaint to Determine Dischargeability of Debt itself, as that petition was wholly without basis in fact or law and and never should have been filed in the first place. Mr. Pusateri strongly believes, however, that justice requires that he be fairly compensated for the untrue and libelous allegations and multiple feckless legal theories put forth by Plaintiff and its Counsel in the pleadings filed herein.

### The Defendant

Michael Pusateri is a good man who has had a run of very bad luck. He was president and co-owner of a thriving renovation business and also a successful realtor when he began having medical problems. A series of debilitating and life-threatening medical conditions rendered Michael disabled and unable to work beginning in January 2008. Despite his medical condition,

Michael met his financial obligations to all creditors, including Plaintiff, through the month of his filing in July 2008. His health, however, continued to deteriorate resulting, eventually, in his filing of a Voluntary Chapter 7 Petition rendering him virtually penniless. Throughout his prolonged and terrible legal, financial, and medical issues, Michael has worked hard to maintain a good attitude, although his body, literally, and life were falling apart and the additional stress upon him from having to defend this action has brought him nearly to his breaking point.

### The Plaintiff

Congressional Federal Credit Union ("CFCU") is a Federally insured, not-for-profit financial cooperative created for the benefit of members and employees of the United States House of Representatives with over 50,000 members worldwide. CFCU, on its website, purports to "operate for the benefit" of its members. CFCU's 2007 Annual Report boasts Capital Reserves in excess of $50 million and assets of $494 million as of year-end 2007.  Additional discovery will determine its present membership and assets.

### SUMMARY OF RELEVANT FACTS

Michael Pusateri maintained a banking relationship with Plaintiff Congressional Federal Credit  Union ("Plaintiff") for over 16 years during which time Mr. Pusateri obtained credit from Plaintiff for numerous purchases of automobiles and homes as well as a Visa credit card. Throughout the extended relationship between Plaintiff and Mr. Pusateri, Mr. Pusateri never failed to make a payment, was never late making a payment, and often made payments in excess of the minimum payments due - to Plaintiff and all of his creditors until the month of filing. Additionally, within two (2) months prior to his case filing, Mr. Pusateri paid $17,000 to Plaintiff to cure his automobile account following a trade to a less expensive vehicle - a preferential payment! Unfortunately for Mr. Pusateri, he became severely ill in January 2008 and was no longer able to work. Mr. Pusateri ultimately filed a petition for Chapter 7 bankruptcy in July 2008 when his efforts to sell his residence were unsuccessful due to the economy and his formerly substantial assets were finally exhausted.

### PROCEDURAL HISTORY
### The Adversary Proceeding Complaint

Plaintiff, without basis, and applying an arbitrary and capricious account screening process that considered only one (1) factor, i.e. the member's Visa charges of $1,000.00 or more within 90 days of a contract default, filed this adversary proceeding objecting to the dischargeability of all prepetition charges incurred by Michael Pusateri on his Visa credit card. Plaintiff's initial Complaint alleged, without basis:

1. Michael Pusateri's Credit Application (no date alleged) "was materially false in that it significantly overstated the amount of Defendant's income from employment and other sources"; and

2. The "Credit Application was false and misleading in other material respects", and that "[a]t the time Defendant published the Credit Application, he knew the Credit Application was false and misleading, and he published the Credit Application with the intent to deceive Plaintiff."

After the hearing in the initial Defendants' Motion to Dismiss, these allegations were

removed from the subsequent Complaints and should never have been included in the initial Complaint, as they were wholly unsubstantiated as shown by testimony of Plaintiff's three (3) witnesses in depositions taken in Virginia on June 5th, 2009. Plaintiff's initial Complaint states the outstanding balance of $33,845.30 and alleges that the entire amount is nondischargeable based on the unfounded and unsubstantiated allegations that the charges were based upon "false pretenses, a false representation and/or actual fraud."

It is obvious to Mr. Pusateri that Plaintiff and Plaintiff's counsel made absolutely no effort to screen its allegations for veracity prior to filing ANY of its THREE (3) Complaints. Attached as Exhibit A to this Motion are various Complaints filed in Adversary Proceedings by Plaintiff's counsel in other Chapter 7 cases wherein Mr. Angus represented C.F.C.U. The Court will note that the allegations in all of the attached Complaints as well as the initial Complaint in the instant case are virtually identical - a clear indication that Mr. Pusateri's information was simply dropped into an existing template and filed without the required verification of evidentiary support as required under Bankruptcy Rule 9011. No consideration of the Defendant's payment history, the account documents, the medical information provided to Plaintiff's counsel PRIOR to the filing of the action, nor even the $17,000.00 preferred action was given!

## **The First Amended Complaint**

Plaintiff's Amended Complaint removed the allegations with regard to overstated income and the allegedly false Credit Application. The First Amended Complaint alleges that:

1.  "Defendant utilized the Visa Account to make purchases while he was insolvent and in contemplation of filing bankruptcy"

2.  Defendant's "medical condition and financial situation clearly illustrate that he lacked the ability to repay Plaintiff".

3.  "Defendant utilized the Visa Account on more than one hundred (100) separate occasions to make purchases totaling $12,637.77 on or after January 1, 2008" and that "a substantial portion" of those charges, totaling $3,773.95, "represent charges incurred by Defendant for luxury goods or services less than 90 days prior to he filing of the Petition."

Plaintiff to this day has never specified which charges Plaintiff considered to be "luxury goods". It should be noted that Plaintiff's Amended Complaint alleges damages of only 1/3 the original amount alleged in the original Complaint and alleges luxury goods less than 10% of original Complaint, albeit without specifying the charges Plaintiff considered "luxury goods" once again.

## **The Second Amended Complaint**

Plaintiff's Second Amended Complaint (the third attempt to state a legal claim) identifies various charges made over six (6) months and alleges that a "substantial number" of the charges incurred by Michael Pusateri are potentially subject to the statutory presumption of nondischargeability set forth in the provisions of 11 U.S.C. § 523(a)(2)(C)). Plaintiff's Second Amended Complaint contains a myriad of unfounded allegations including:

1.  "Defendant utilized the Visa Account to make purchases while he was insolvent

and in contemplation of filing bankruptcy." This is a rerun of the First Amended Complaint.

> With regard to counts #1 and #2 allegations, a simple credit check would have disclosed that Mr. Pusateri was current on all credit obligations and apparently had the ability to pay his debts until July 2008. The depositions of Plaintiff's witnesses clearly show that neither Plaintiff nor its Counsel had any basis for the insolvent allegation nor inability to pay his debts.

2. "A substantial portion of the charges on the Visa Account were incurred by Defendant for luxury goods or services less than 90 days prior to the filing of the Petition." Once again, Plaintiff fails to indicate which charges it considered to be "luxury goods/services".

3. "The Defendant's indebtedness to the Plaintiff for all charges incurred on the Visa Account after December 31, 2007, is nondischargeable based upon false pretenses, a false representation and/or actual fraud."

A return to the allegation of the initial Complaint. These allegations were unresearched and unfounded in fact and law. Plaintiff simply alleged that **all** charges made by Michael Pusateri, regardless of the amount of the charge or the nature of the charge, were nondischargeable under 523(a)(2)(A) without even paying lip service to the Plaintiff's burden to identify the specific purchases.

The chart below summarizes the progression of Plaintiff's futile attempts to establish a basis for its claims.

| Allegation Regarding | Complaint | First Amended | Second Amended |
|---|---|---|---|
| Credit Application | Defendant "significantly overstated" his income | Removed | Removed |
| Defendant's Representations | Defendant's representations to Plaintiff that he had the intention/ability to repay the charges were "knowingly false". | Defendant's representations with regard to repaying Plaintiff were knowingly false in light of his medical condition and financial situation. | Defendant's representations with regard to repaying Plaintiff were knowingly false in light of his medical condition and financial situation. |
| Luxury Goods | A substantial portion of the outstanding balance on the account represents luxury goods or services less than 90 days prior to filing. | Defendant utilized the account to make purchases totaling $12,600 on or after 1/1/08, a substantial portion (totaling $3,773.95) represent charges for luxury goods or services less than 90 days prior to filing. | Defendant utilized the account to make purchases totaling $12,600 on or after 1/1/08, a substantial portion (totaling $3,773.95) represent charges for luxury goods or services less than 90 days prior to filing. |
| Basis for nondischargeability | The Credit Application was materially false, published with the intent to deceive, basis of false financial statement. | Luxury goods. | All charges made after 1/1/08 are nondischargeable based upon false pretenses, a false representation, and/or actual fraud. |
| **Total Amount Alleged to be Nondischargeable** | $33,845.30 | $12,637.77 | $12,637.77 |

## THE INSTANT MOTION

The EDIT-UNDO function integrated into modern word-processing software is arguably its most useful feature. With a simple click, a user can undo a previous mistake and revert a document or file to its previous state. With the Motion for Voluntary Dismissal, Plaintiff and its Counsel are now attempting to emulate the EDIT-UNDO function to terminate this baseless nine-month prosecution of Michael Pusateri in an attempt to immunize itself and its attorneys and essentially say, "NEVERMIND" - a phrase made famous by the Saturday Night Live character Emily Litella portrayed by the late Gilda Radner.

Plaintiff has now conducted its deposition of Michael Pusateri and heard the testimony of the three (3) witnesses for Plaintiff. Plaintiff has now determined that it no longer wishes to pursue its claims in this adversary proceeding. Plaintiff's three (3) Complaints and their myriad "boilerplate" allegations, however, have caused Mr. Pusateri to incur legal fees and expenses in excess of $30,000 to date (as set forth in Exhibit B) and continue to accrue by requiring Mr. Pusateri to:

1. Defend Plaintiff's initial fictional claims unfiltered by Plaintiff or its counsel, and included in a form Complaint with their ever-changing legal theories;

2. Respond to numerous Complaints;

3. File numerous pre-trial motions in a futile attempt to narrow the issues;

4. File numerous discovery requests;

5. File a Motion to Compel with regard to same;

6. Conduct depositions of three of Plaintiff's employees in Virginia;

7. Be subjected to a three-hour deposition culminating in his emotional breakdown;

8. Respond to Plaintiff's instant Motion which seeks to avoid any consequences of the initiation and conduct of this adversary proceeding.

Justice in the absolute, and as intended by §§ 523(d), Rule 105, Rule 9011(b), *et. al.*, mandates that Mr. Pusateri should not remain uncompensated for the significant expenses incurred as a result of Plaintiff's boilerplate pleadings and refusal to consider any litigation factors other than a sole determination that Mr. Pusateri made charges in excess of $1,000.00 within 90 days before filing. No consideration was given to his medical reports provided to Plaintiff prior to Plaintiff's filing the Complaint, his historical and pre-filing payment record with all his creditors despite his illness, payment of the $17,000.00 automobile loan deficiency and his efforts to sell his house - all during the six (6) months pre-filing and during many months when he was totally disabled and alleged to lack the ability to pay Plaintiff. It is pure arrogance for this Plaintiff, a credit union created for the benefit of the United States have a Representative and staff, and its experienced Counsel to intentionally or through gross incompetence, make a mess of Mr. Pusateri's life and then seek Court permission to slink away without cleaning up its mess!

## **DEFENDANT'S MOTION FOR AN ORDER GRANTING ATTORNEY'S FEES**

Section 523(d) of the Bankruptcy Code provides that when a creditor unsuccessfully seeks a determination of dischargeability under 523(a)(2):

> "the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was NOT SUBSTANTIALLY JUSTIFIED, except that the court shall not award such costs and fees if special circumstances would make the award unjust."

Plaintiff, in its three Complaints (the original Complaint filed November 2008, the First Amended Complaint filed February 2009, and the Second Amended Complaint filed April 2009, alleged, *inter alia*, that "[a] substantial portion of the charges on the Visa Account were incurred by Michael Pusateri for luxury goods or services less than 90 days prior to the filing of the Petition...Such charges are presumed to be nondischargeable [under] 11 U.S.C. § 523(a)(2)(C)(i)(I). Second Amended Complaint, ¶17. These allegations were unfounded. Plaintiff, despite repeated requests from counsel for Michael Pusateri, failed to ever specify which charges Plaintiff alleged were luxury goods or services relied upon for the imposition of the presumption, nor provided any basis for alleging that "all charges incurred on the Visa account after December 31, 2007 [were] based upon false pretenses, a false representation and/or

actual fraud." Nine months later, after Pusateri's initial defenses proved valid and, after Michael Pusateri has invested significant time and money in defending this action, Plaintiff seeks to simply withdraw its claims, because its witnesses' credible testimony support **NONE** of the allegations in any of the Complaints and prove without question that the positions of Plaintiff and its Counsel were "not substantially justified" nor justified to any degree.

In light of Plaintiff's complete failure to plead facts or a legal theory to justify a claim under 523(a)(2), Michael Pusateri moves the Court to grant judgment in favor of Michael Pusateri for the costs of, and a reasonable attorney's fee for, the proceeding under Section 523(d) of the Bankruptcy Code.

### FIRST COUNTERCLAIM
**(Intentional Infliction of Emotional Distress)**

In his initial Response to the initial Complaint, Mr. Pusateri reserved his rights to allege any causes of actions arising from discovery and, therefore alleges:

1. Prior to filing the Adversary Proceeding, Plaintiff and its Counsel were made aware that Michael had significant medical problems and that his plethora of medical conditions rendered him physically disabled to the extent that an average person would also be emotionally at risk.

2. Despite Plaintiff's actual knowledge of Michael's deteriorating condition from medical reports provided, Plaintiff proceeded to file a total of three Complaints alleging that Michael's conduct with regard to his Visa credit card was based upon false pretenses, a false representation and/or actual fraud - allegations that approach accusations of criminal conduct.

3. Plaintiff's unfounded and admittedly unresearched accusations, including its admitted failure to recognize that Michael paid Plaintiff $15,837.89 OVER the $3,618.10 in allegedly "luxury" purchases made within the 90 day timeframe utilized by Plaintiff to determine that Michael intended to defraud the Plaintiff confirms the extreme and outrageous pleadings continued through all three (3) Complaints were not justified and certainly not "substantially" justified.

4. Michael Pusateri's pre-existing medical conditions and fragile mental state render him an "eggshell-type" person, making him unusually susceptible to severe emotional distress - a factor made known to Counsel for Plaintiff directly on March 26, 2008;

5. Plaintiff, and its Counsel, acted intentionally and with reckless indifference to the likelihood that its allegations would cause severe emotional distress adversely effecting Defendant's ability to rehabilitate both his body and his life.

6. Plaintiff's actions did cause severe emotional distress to Michael which continues to the present.

### SECOND COUNTERCLAIM
**(Negligent Infliction of Emotional Distress)**

7. Plaintiff, and its Counsel, were negligent in drafting and filing its three Complaints objecting to the dischargeability of Michael Pusateri's outstanding balance on his Visa Account.

8. It was foreseeable to Plaintiff and its Counsel that its grossly negligent conduct would cause severe emotional distress to Michael Pusateri.

9. Michael Pusateri's pre-existing medical conditions and fragile mental state render him an "eggshell-type" type person, making him unusually susceptible to severe emotional distress.

10. The gross negligence of Plaintiff and its Counsel did cause Michael Pusateri to suffer severe emotional distress which has had a severe impact on Michael's ability to recover from his medical misfortunes.

## **CONCLUSION**

It is clear to Defense Counsel that Plaintiff and its Counsel filed its initial generic and boilerplate Complaints without any legal or factual research and, by moving to dismiss the latest Complaint, admits this case was filed without justification. Michael Pusateri was forced by Plaintiff and Plaintiff's Counsel to incur tens of thousands of dollars in legal fees to defend an action that has absolutely no basis. Following the unfounded Complaint, Michael Pusateri was then required to respond to numerous other baseless pleadings. Now, Plaintiff wants to simply walk away. Plaintiff has no shortage of resources available. Michael Pusateri does not have the same luxury. Defense Counsel, on behalf of Michael Pusateri, now asks that this Court order Plaintiff to fully compensate Michael Pusateri for his expenses as well as his physical and emotional ordeal.

WHEREFORE, Michael Pusateri prays the Court that:

1. Plaintiff's Motion for Voluntary Dismissal be denied, or, in the alternative, that any dismissal of the adversary complaint be without prejudice to any and all causes of action and remedies available to Michael Pusateri against Plaintiff, and its counsel;

2. The Court determine that any debts or obligations alleged to be owed by Michael Pusateri to the Plaintiff be discharged;

3. That Michael Pusateri have and recover judgment of Plaintiff, and its Counsel pursuant to the First Counterclaim for actual, compensatory, and punitive damages in excess of $10,000.00.

4. That Michael Pusateri have and recover judgment of Plaintiff, and its Counsel pursuant to the Second Counterclaim for actual, compensatory, and punitive damages in excess of $10,000.00.

5. The costs of this action be taxed to the Plaintiff, and its Counsel, together with attorney's fees for Michael Pusateri pursuant to 11 U.S.C. § 523(d);

6. The Court conduct a hearing prior to ruling on Plaintiff's Motion to Dismiss to determine appropriate sanctions including compensatory damages, punitive damages, and the imposition of attorney fees pursuant to the provisions of Bankruptcy Rule 9011(b); and sufficient to prevent Plaintiff and its Counsel from utilizing its standard "my client has more money than you!" litigation model against other honest debtors in the future. Defendant recognizes he cannot move for sanctions pursuant to Rule 9011, however, in light of the egregious nature of Plaintiff's conduct Defendant hopes that the Court will consider sanctions

pursuant to Rule 9011(b) sua sponte as the Court indicated was preserved when the Second Amended Complaint was approved;

7. The Defendant preserves any Claim pursuant to FDCPA against attorneys for Plaintiff;

8. Defendant has ordered transcripts of the four (4) depositions and moves the Court to allow further amendment of this Response upon review of same; and

9. The Court grant to Michael Pusateri such other and further relief as to the Court seems just and proper.

Dated:_____                    _____
                                                 David R. Badger
                                                 Attorney for  Michael Pusateri
                                                 N.C. State Bar #156
                                                 DAVID R. BADGER, P.A.
                                                 2108 South Boulevard
                                                 Suite 118 Atherton Lofts
                                                 Charlotte, North Carolina  28203
                                                 Telephone No.:  (704) 375-8875
                                                 Facsimile No.:  (704) 375-8835

Dated:_____                    _____
                                                 Arathi P. Nobles
                                                 N.C. State Bar #35480
                                                 DAVID R. BADGER, P.A.
                                                 2108 South Boulevard
                                                 Suite 118 Atherton Lofts
                                                 Charlotte, North Carolina  28203
                                                 Telephone No.:  (704) 375-8875
                                                 Facsimile No.:  (704) 375-8835

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | Chapter:   7<br>Case No.:   08-31457 |
| **MICHAEL FRANCIS PUSATERI, III** | |
| SS:   XXX-XX-1888 | |
| Debtor. | |

**CONGRESSIONAL FEDERAL CREDIT UNION**

                **Plaintiff,**

v.

                **Adversary No.: 08-03149**

**MICHAEL FRANCIS PUSATERI, III**

                Michael Pusateri.

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that he has this date served a copy of the foregoing **Defendant's Response and Counterclaims in Opposition to Plaintiff's Motion for Voluntary Dismissal of Second Amended Complaint to Determine Dischargeability of Debt** upon all parties listed below by depositing same in the U.S. Mail, postage pre-paid, addressed as follows:

Michael Francis Pusateri, via e-mail

       The undersigned further certifies that he has this date served a copy of the **Defendant's Response and Counterclaims in Opposition to Plaintiff's Motion for Voluntary Dismissal of Second Amended Complaint to Determine Dischargeability of Debt** on all parties listed below by electronic case filing:

Bankruptcy Administrator
Roderick H. Angus
Heather Culp
Trustee, Wayne Sigmon

      Dated:_____    _____
                                                     David R. Badger
                                                     Attorney for Michael Pusateri
                                                     N.C. State Bar #156
                                                     DAVID R. BADGER, P.A.
                                                     2108 South Boulevard
                                                     Suite 118 Atherton Lofts
                                                     Charlotte, North Carolina  28203
                                                     Telephone No.:  (704) 375-8875
                                                     Facsimile No.:  (704) 375-8835